This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38704**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**ELLIOT GORDON MOUNTAIN SHEEP,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals a district court memorandum opinion reversing a metropolitan court suppression order. [MIO 1] This Court issued a notice of proposed summary disposition proposing to affirm on the basis of the findings and conclusions contained in the district court's memorandum opinion. [CN 2-3] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** The sole question at issue in this appeal is whether a police officer (Officer Justin Jones) was aware of facts establishing reasonable suspicion to conduct an investigation despite the fact that he relied upon the first-hand knowledge of another officer (Officer Harvey Johnson) who was not permitted to testify as a discovery sanction. [DS 4] In his memorandum, Defendant argues that the district court misapplied the standard of review by failing to indulge all reasonable inferences in favor of the metropolitan court judgment. As a result, Defendant asserts that this Court cannot affirm the district court's "disregard of the inferences made (or not) by the [m]etropolitan [c]ourt." [MIO 2] Thus, this Court "should presume that the [m]etropolitan [c]ourt chose not to make the inference that was contrary to its ruling in favor of suppression." [Id.] Defendant's memorandum, however, does not identify any particular inference that was disregarded, contradicted, or added by the district court in its memorandum opinion. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (explaining that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that this Court does "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be").

**{3}** We note that the word "inference" does appear once in the district court's memorandum opinion as part of a discussion of undisputed evidence that Officer Johnson witnessed a sequence of events and that he told Officer Jones "the entirety of what had occurred." [RP 124, 128] The district court then concludes that the combination of those two facts "substantially supports the inference that Officer Jones told Officer Johnson that there had been an accident and [Defendant] was the driver." [RP 128]

**{4}** To the extent that this is the inference at issue in Defendant's memorandum in opposition, we note that Defendant provides no reason to believe that the metropolitan court made any contrary inference. Instead, on the basis of the recitations contained in Defendant's docketing statement and memorandum, it appears the metropolitan court simply believed that the rules of evidence required Officer Johnson's testimony to establish facts at issue regardless of Officer Jones' actual knowledge of the circumstances or the existence of independent evidence establishing that knowledge. That belief of the metropolitan court appears to have been a mistake of law, not fact, and the district court properly reversed that error.

**{5}** Thus, for the reasons stated here and in our notice of proposed summary disposition adopting the district court's memorandum opinion, we affirm the judgment of the district court remanding this case to the metropolitan court for further proceedings.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**